IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JOSEPH OWENS,<br><br>    Plaintiff<br><br>vs.<br><br>PENNSYLVANIA PAROLE BOARD,<br>SUPERINTENDENT MICHAEL<br>CLARK,<br><br>    Defendants | Case No. 1:20-cv-00369 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM ORDER ON<br>PETITION FOR HABEAS CORPUS<br>RELIEF UNDER 28 U.S.C. § 2254 |

Before the Court is a Petition filed by James Joseph Owens (Owens) seeking habeas corpus relief under 28 U.S.C. § 2254. He raises one ground for relief in which he alleges that the Respondent Pennsylvania Board of Parole (Respondent) unconstitutionally recalculated his maximum sentence date after his re-incarceration for a parole violation. *See* ECF No. 3, p. 5. For the reasons that follow, Owens' petition will be dismissed without prejudice, and no certificate of appealability will be granted.

I.    Background

After serving approximately four years of a Pennsylvania state court sentence for sexual offenses against a minor, corruption of a minor and criminal mischief, Owens was granted parole on November 30, 2018. *See* ECF No. 7-1, p. 6. On November 1, 2019, Owens was arrested and charged with driving under the influence of alcohol and several other traffic offenses. *Id.*, p. 12. Owens was subsequently detained by the Respondent as a parole violator. *Id.*, p. 21. On March 4, 2021, Owens pleaded guilty to the driving under the influence of alcohol and other related charges. *Id.*, p. 23.

1

Two months later, the Respondent charged Owens with violations of his parole and scheduled the date of his revocation hearing. *Id.*, p. 31. Owens waived his right to the revocation hearing and acknowledged his conviction of the new offenses. *Id.*, p. 33. Owens received a six-month custodial sentence and six-months' probation for the driving offenses. *Id.*, pp. 23-24. On June 30, 2020, the Respondent recommitted Owens as a parole violator, requiring him to serve an additional nine months of incarceration. *Id.*, pp. 35-36. This extended Owens' sentence to September 20, 2021. *Id.* p. 38.

Owens filed "Administrative Remedies Forms" with the Respondent in July of 2020. *See id.*, pp.41-49. He challenged the Respondent's calculation of his maximum sentence date, arguing that he should have received credit for the time he spent in a community correction's center. *Id.*, p. 42. On February 17, 2021, the Respondent notified Owens that his case would be remanded for an evidentiary hearing to determined whether he was eligible for the credit. *Id.*, p. 60. Owens filed the instant petition for habeas corpus relief on December 29, 2020, which was before he learned of the Respondent's decision to hold an evidentiary hearing.

II.     Standards of Decision

A prerequisite to the issuance of a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 is that the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy this requirement, a petitioner must have "fairly presented" the merits of his federal claims during "one complete round of the established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A federal claim is fairly presented to the state courts where the petitioner has raised "the same factual and legal basis for the claim to the state courts." *See Nara v. Frank*, 488 F.3d 188, 198-99 (3d Cir. 2007). A petitioner who has raised an issue on direct appeal is not required to raise it

2

again in a state post-conviction proceeding. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citations omitted).

      Where the federal court reviews a claim that has been adjudicated on the merits by the state court, 28 U.S.C. § 2254(d) permits the federal court to grant a petition for habeas corpus only if: (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *see also Parker v. Matthews*, 567 U.S. 37, 40-44 (2012) (reiterating that the standard under 2254(d) (1) is highly deferential to state court decisions); *Garrus v. Sec'y Pennsylvania Dept. of Corr.*, 694 F.3d 394, 400 (3d Cir. 2012). The Supreme Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000); *see Wilkerson v. Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (" 'contrary to ... clearly established federal law' means just that—'diametrically different, opposite in character or nature, or mutually opposed.' ") (quoting *Williams*, 529 U.S. at 405). As concerns "the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" inquiry thus requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. As the Third Circuit has noted, "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's

3

incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing *Williams*, 529 U.S. at 411).

Additionally, any factual determinations made by the state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)); *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010) (same). Where the state court decision does not constitute an "adjudication on the merits," but the petitioner's claim is otherwise ripe for habeas review, § 2254 does not apply and instead the federal court applies the pre-AEDPA standard, reviewing pure legal questions and mixed question of law and fact de novo. *See Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). The state court's factual determinations, however, are still presumed correct pursuant to § 2254(e)(1).

IV. Discussion

Owens has not properly exhausted his claim in the state court. As Respondent notes in its Response, 28 U.S.C. § 2254 includes an exhaustion requirement, and a federal court should not hear a habeas corpus claim until "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). And a habeas petitioner has the responsibility to demonstrate that each of his or her claims have been "fairly presented" to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Claims that challenge the Respondent's re-calculation of a parole-violator's maximum sentence date must be presented to the Commonwealth Court and then to the Supreme Court of Pennsylvania before they are considered exhausted in the state courts. *See Allah v. Oberlander*, 2020 WL 5634349, *4 (E.D. Pa. May 20, 2020). The District Court for the Eastern District of Pennsylvania summarized the exhaustion requirement applicable to this case as follows:

> To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board. *See* 37 Pa. Code § 73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the

4

> Commonwealth Court. *See* 42 Pa. C. S. A. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. *See Williams v. Wynder*, 232 Fed. Appx. 177, 180 (3d Cir. 2007) ("Because Order 218 does not apply to appeals from Commonwealth Court decisions, or decisions in matters involving challenges to Parole Board actions, the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petitioner for allowance of appeal in the Pennsylvania Supreme Court.")

*Pagan v. Pa. Bd. of Prob. & Parole, et al.*, 2009 WL 210488, *3 (E.D. Pa. Jan. 22, 2009).

Here, Owens has sought the Respondent's review of the re-computation of his sentence. *See* ECF No. 7-1, pp. 41, 45, 53. And the Respondent has granted him an evidentiary hearing. To exhaust his state law remedies, Owens must complete the proceedings before the Respondent and, if dissatisfied with the outcome of those proceedings, appeal the decision to the Commonwealth Court and, if necessary, to the Supreme Court of Pennsylvania. *See Allah*, 202 WL 5634346, at *5. This Court will not grant habeas review or relief until a petitioner has completed appellate review at the state level. *See O'Sullivan*, 526 U.S. at 842. Therefore, Owens' claims are premature and will be dismissed without prejudice. *See, e.g., Jones v. Shannon*, 2014 WL 356559, *1 (M.D. Pa. Jan. 31, 2014).

V.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This Court need not make a certificate of appealability determination because "[a] district court's order dismissing, without prejudice, a

5

petition for federal habeas relief for failure to exhaust state-court remedies is not a final appealable order, since it explicitly entitles the petitioner to renew habeas proceedings upon completion of review of his claims in the state court system." FEDERAL HABEAS MANUAL § 12:30 (citations omitted). *See also Gacho v. Butler*, 792 F.3d 732, 735-37 (7th Cir. 2015). To the extent a certificate of appealability determination is required, Petitioner is not entitled to one because jurists of reason would not find it debatable whether his claims should be dismissed because he is exhausting his state-court remedies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

VI.     Conclusion

For the reasons set forth above, Owen's Petition for a Writ of Habeas Corpus is dismissed, without prejudice, and no certificate of appealability will issue. An appropriate order follows.

ORDER

AND NOW, this 5th day of March, 2020, for the reasons set forth in the Memorandum filed contemporaneously, IT IS HEREBY ORDERED that Petitioner James Joseph Owens' claims for federal habeas corpus relief are DISMISSED without prejudice and a certificate of appealability is DENIED as to each claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

_____
RICHARD A. LANZILLO
United States Magistrate Judge